FILED
APRIL 9, 2007
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ENRIQUE CASIAS, PRO SE, § | |
| TDCJ-CID # 714029, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:06-CV-0231 |
| § | |
| TIM REVELL, § | |
| § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff ENRIQUE CASIAS, acting *pro se* and while a prisoner confined in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants. Plaintiff has paid the filing fee and us not proceeding *in forma pauperis*.

Plaintiff states his nose was broken on August 1, 2005, while he was on the recreation yard. He says he was taken to the unit infirmary that day and examined by a nurse who told him it was broken. Plaintiff says the nurse told him she would transmit an incident report to the unit physician and that plaintiff might be called to get an x-ray. Plaintiff complains he was not x-rayed for eleven days, despite sending a sick-call request to the defendant, whom he says is the Head Medical Director, telling him he had a broken nose and that he wanted treatment. Plaintiff says he was not scheduled by the defendant for treatment "til twenty-three days after [plaintiff does not state after what]." Plaintiff states he now lives with nose problems, disfigurement, and "migrnt headacks."

Plaintiff requests an award of $10,000.00 in compensatory damages and $5,000.00 in punitive damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Initially, the Court notes plaintiff does not state that the defendant was the physician who treated him or that the defendant handled the scheduling of medical appointments.

It appears plaintiff's claim against this defendant is based on his supervisory capacity as Medical Director of the unit. A civil rights plaintiff must establish a causal connection between the acts or omissions of the defendant and the resultant constitutional deprivation. *Reimer v. Smith*, 663 F.2d 1316, 1323 (5th Cir. 1981). This may be done by alleging either active

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

participation by the defendant in the actions causing the deprivation of the plaintiff's constitutional rights or affirmative adoption by the defendant of policies which were wrongful or illegal and which caused the constitutional deprivation. *Wanger v. Bonner*, 621 F.2d 675, 679 (5th Cir. 1980).

Plaintiff dos not give the date when he sent a sick-call request to defendant REVELL or how REVELL would have personal knowledge that plaintiff actually did have a broken nose. Plaintiff has alleged neither active participation by REVELL in the actions causing the alleged deprivation of the plaintiff's constitutional rights, nor affirmative adoption by REVELL of causative policies which were wrongful or illegal. The sole basis for liability of defendant REVELL appears to be *respondeat superior*; however, theories of vicarious liability, such as *respondeat superior*, cannot support a cause of action under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Plaintiff's claim against defendant REVELL lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Moreover, even if plaintiff actually was treated by defendant REVELL, the facts presented do not support a claim of deliberate indifference. The response to plaintiff's Step 2 grievance attached to his original complaint, shows x-rays of plaintiff's nose were delayed two days by security problems but were taken August 11th. The results were received on August 19th, and plaintiff was seen by a doctor on August 24th, September 8th, and September 13th. In his grievance, plaintiff states that, when he saw the "unit infermary [sic] medical Doctor," he rebroke plaintiff's nose to try and set it straight.

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under Title 42, United States Codes section 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07, 97 S.Ct. 285, 291-93, 50 L.Ed.2d 251 (1976). Examples of deliberate indifference noted in *Estelle* include *Williams v. Vincent,* 508 F.2d 541, 544 (2d Cir.1974)(prison surgeon discarded the severed portion of inmate's ear in front of him and stitched the stump, explaining to the inmate that he did not need his ear)and *Martinez v. Mancusi,* 443 F.2d 921 (2d Cir.1970)(prison doctor refused to administer prescribed pain killer and rendered inmate's leg surgery unsuccessful by requiring the inmate to stand in violation of contrary instructions from his surgeon). *Estelle,* 429 U.S. at 105 n.10.

The acts and omissions described by plaintiff, even if any or all were the fault of defendant REVELL, do not state a claim of deliberate indifference to a known serious medical need but, at most, merely state a claim of negligence, if even that. Nevertheless, negligent medical care will not support a claim under section 1983. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Plaintiff has failed to state a claim of deliberate indifference on which relief can be granted.

## CONCLUSION

Pursuant to Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff ENRIQUE CASIAS be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED..

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.  The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this  9th  day of April, 2007.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE